UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                   :
UNITED STATES OF AMERICA            :
                                   :   Crim. No. 06-849 (NLH)
        v.                         :
                                   :
RICARDO RIVERA, JR.,                :
                                   :   **OPINION**
                                   :
        Defendant.                  :
_____:


**APPEARANCES**:

RICARDO RIVERA, JR.
#41323-050
PETERSBURG MEDIUM
FEDERAL CORRECTIONAL INSTITUTION
INMATE MAIL/PARCELS
P.O. BOX 90043
PETERSBURG, VA 23804

   *Pro Se*


ANDREW B. JOHNS
DOJ-USAO
DISTRICT OF NJ
401 MARKET STREET, 4TH FLOOR
P.O. BOX 2098
CAMDEN, NJ 08101

   *Counsel for the United States*


**Hillman**, **District Judge**

   Before the Court is Ricardo Rivera, Jr.'s ("Defendant")

Motion for Reduction of Sentence under the First Step Act, 18

U.S.C. § 3582(c)(1)(A).  (ECF 25).  For the reasons expressed below, Defendant's Motion will be denied without prejudice.

**Background**

On February 22, 2007, Defendant pleaded guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1).  (See ECF 18).  Thereafter, on September 21, 2007, this Court sentenced Defendant to a term of imprisonment of 108 months and a 3-year term of supervised release.  (See id.)  (See id.)  Defendant's release date is projected to be June 12, 2025.[1]

Defendant filed the instant pro se motion on December 10, 2020.  (ECF 25).  The Government filed a letter in opposition on May 13, 2021.  (ECF 31).  The Government argues that Defendant has not exhausted his administrative remedies.  (Id. at 2).  Defendant's submission is silent on the issue.  (ECF 25).

**Legal Standard**

Under the First Step Act, a court may afford a defendant "compassionate release for 'extraordinary and compelling reasons.'" United States v. Sellers, 2020 WL 1972862, at *1 (D.N.J. Apr. 24, 2020) (quoting 18 U.S.C. § 3582(C)(1)(A)(i)).

---

[1] FEDERAL BUREAU OF PRISONS, FIND AN INMATE, https://www.bop.gov/inmateloc/ (last visited April 28, 2022).  Defendant began the service of his federal sentence after completing a term of incarceration imposed in state court, as this Court intended.  (See ECF 17 (judgment imposing a consecutive federal term)).

2

Before bringing a motion for reduced sentence on their own behalf, defendants first "must ask the Bureau of Prisons (the "BOP") to do so on their behalf, give the BOP thirty days to respond, and exhaust any available administrative appeals." United States v. Raia, Civ. No. 20-1033, 2020 WL 1647922, at *1 (3d Cir. Apr. 2, 2020) (citing § 3582(c)(1)(A)). "Thus, under the First Step Act, a defendant seeking a reduction in his term of imprisonment bears the burden of satisfying both that he has (1) exhausted remedies before seeking judicial review, and (2) that compelling and extraordinary reasons exist to justify compassionate release." Sellers, 2020 WL 1972862 at *1 (citing 18 U.S.C. § 3582(C)(1)(A)).

At this second step, a court may reduce an inmate's sentence pursuant to 18 U.S.C. § 3852(c)(1)(A) "if the court finds that (1) extraordinary and compelling reasons warrant a reduction, (2) the reduction would be consistent with applicable policy statements issued by the Sentencing Commission, and (3) the applicable sentencing factors under § 3553(a) warrant a reduction." United States v. Pabon, Crim. No. 17-165-1, 2020 WL 2112265, at *2 (E.D. Pa. May 4, 2020).

**Discussion**

1. **Defendant has not satisfied the exhaustion requirements**

    Defendant has not met his burden of showing that he has exhausted his administrative remedies. Sellers, 2020 WL 1972862

3

at *1.  In fact, Defendant makes no mention of exhausting his administrative remedies whatsoever.  (ECF 25, 32).  This is not surprising as the Government states in their opposition that the BOP does not have any record of an application by Defendant for compassionate release.  (ECF 31 at 2).  The failure to exhaust administrative remedies is fatal to Defendant's motion.  <u>Brooks v. Warden of F.C.I. Fort Dix</u>, 2009 WL 2448516, at *3 (D.N.J. Aug. 10, 2009) (noting implicitly that requiring administrative exhaustion may allow the BOP to address the defendant's claim without having to file a motion in federal court).  Therefore, the Court will not consider whether Defendant has established "extraordinary and compelling reasons" for his release or the factors under § 3553(a).

**<u>Conclusion</u>**

For the reasons set forth above, Defendant's Motion for Compassionate Release (ECF 25) will be denied.  Defendant may renew his motion if he so desires after exhausting his administrative remedies.

An accompanying Order will issue.


Dated: <u>April 28, 2022</u>          s/   Noel L. Hillman
At Camden, New Jersey       NOEL L. HILLMAN, U.S.D.J.

4