UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
UNITED STATES OF AMERICA            :
                                    :   Crim. No. 06-849 (NLH)
     v.                             :
                                    :
RICARDO RIVERA, JR.,                :
                                    :   **OPINION**
                                    :
          Defendant.                :
_____:

**APPEARANCES**:

RICARDO RIVERA, JR.
#41323-050
PETERSBURG MEDIUM
FEDERAL CORRECTIONAL INSTITUTION
INMATE MAIL/PARCELS
P.O. BOX 90043
PETERSBURG, VA 23804

     *Pro Se*

ANDREW B. JOHNS
DOJ-USAO
DISTRICT OF NJ
401 MARKET STREET, 4TH FLOOR
P.O. BOX 2098
CAMDEN, NJ 08101

     *Counsel for the United States*

**Hillman**, **District Judge**

     Before the Court is Ricardo Rivera, Jr.'s ("Defendant") Renewed Motion for Reduction of Sentence under the First Step Act, 18 U.S.C. § 3582(c)(1)(A). (ECF 35). For the reasons expressed below, Defendant's Motion will be denied.

**Background**

On February 22, 2007, Defendant pleaded guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1).  (See ECF 18).  Thereafter, on September 21, 2007, this Court sentenced Defendant to a term of imprisonment of 108 months and a 3-year term of supervised release.  (See id.)  (See id.)  Defendant's release date is projected to be June 12, 2025.[1]

Defendant filed a pro se motion on December 10, 2020, (ECF 25), which the Court denied without prejudice on the ground that Defendant had failed to exhaust his administrative remedies.  (ECF 34).  On July 11, 2022, Defendant filed a renewed motion for compassionate release (ECF 35) and the Government filed a letter in opposition on July 26, 2022.  (ECF 38).

**Legal Standard**

"The First Step Act empowers criminal defendants to request compassionate release for 'extraordinary and compelling reasons.'"  United States v. Raia, 954 F.3d 594, 595 (3d Cir. 2020) (quoting 18 U.S.C. § 3582(C)(1)(A)(i)).  Before bringing a motion for reduced sentence before the sentencing court,

---

[1] FEDERAL BUREAU OF PRISONS, FIND AN INMATE, https://www.bop.gov/inmateloc/ (last visited July 28, 2022).  Defendant began the service of his federal sentence after completing a term of incarceration imposed in state court, as this Court intended.  (See ECF 17 (judgment imposing a consecutive federal term)).

2

defendants first "must ask the Bureau of Prisons to do so on their behalf, give the BOP thirty days to respond, and exhaust any available administrative appeals." Id. "Thus, under the First Step Act, a defendant seeking a reduction in his term of imprisonment bears the burden of satisfying both that he has (1) exhausted remedies before seeking judicial review, and (2) that compelling and extraordinary reasons exist to justify compassionate release." United States v. Sellers, 2020 WL 1972862, at *1 (D.N.J. Apr. 24, 2020) (citing 18 U.S.C. § 3582(C)(1)(A)); see also Raia, 954 F.3d at 595.

At this second step, a court may reduce an inmate's sentence pursuant to 18 U.S.C. § 3852(c)(1)(A) if after finding extraordinary and compelling reasons warrant a reduction, that such a reduction would be consistent with applicable policy statements issued by the Sentencing Commission and that the applicable sentencing factors under § 3553(a) warrant a reduction. United States v. Pabon, 458 F. Supp. 3d 296, 300 (E.D. Pa. 2020).

**Discussion**

1. **Defendant has satisfied the exhaustion requirements**

Defendant applied to the BOP for release and his request was denied on June 3, 2022. (ECF 35 at 21). The Government does not contest that Defendant has exhausted his administrative

3

remedies. (ECF 38 at 1).  Thus, the Court deems that threshold requirement satisfied.

2. **Defendant fails to establish "extraordinary and compelling" reasons for his release**

Defendant argues that his youthful age at the time of his offense and his rehabilitation efforts constitute "extraordinary and compelling reasons" justifying his release.[2]  (ECF 35 at 2-3).  With respect to his rehabilitation, Defendant attaches various educational and self-improvement certificates that he has earned during his incarceration as evidence of his rehabilitation and cites statistics regarding the BOP's management of the pandemic.  (Id. at 9-20).

The Government opposes Defendant's motion and contends that Defendant has not met his burden to show "extraordinary and compelling reasons" justifying his release.  They argue that Defendant's young age at the time of the commission of his offense was already accounted for by the Court in Defendant's initial sentencing.  (ECF 38 at 1-2).  They also argue that rehabilitation alone is not considered an "extraordinary and

---

[2] Defendant does not mention the COVID-19 pandemic in his renewed motion, but he cited it in his first motion. (ECF 25 at 3).  Given the liberal construction afforded to pro se filings, United States v. McGill, No. CR 07-00255 (SDW), 2021 WL 1171663, at *2 n.3 (D.N.J. Mar. 29, 2021) ("It is appropriate to liberally construe pro se motions for compassionate release."), the Court will consider Defendant's renewed motion in the context of the current state of the pandemic.

4

compelling reason" for the Court to grant Defendant's motion. (Id. at 2).  By incorporating their brief in opposition to Defendant's original motion, they also contend that Defendant has not identified any medical condition listed by the Centers for Disease Control and Prevention (the "CDC") that are associated with an increased risk of adverse outcomes with COVID-19 and that Defendant is fully vaccinated.  (ECF 38 at 1; ECF 31 at 9-10)

The Government separately underscores the efforts that the BOP has made to curb the spread of the virus, the efficacy of the available vaccines, and the BOP's management of the pandemic to rebut Defendant's proffer of "extraordinary and compelling reasons."  (ECF 38 at 3-5, 7-8).

The applicable guidance from the Sentencing Commission regarding medical conditions that justify compassionate release falls under Comment 1 under § 1B1.13 of the guidelines.  U.S.S.G. § 1B1.13, cmt. n.1(A).[3]  The Court cannot say that

---

[3]  While the Court looks to § 1B1.13 as directed to by the statute, it is not, standing alone, a determinative factor in light of a lack of quorum which has prevented the Sentencing Commission from updating § 1B1.13 in response to the First Step Act.  That said, the Third Circuit has approved a district court's consideration of § 1B1.13 when it comes to evaluating motions for compassionate release filed by prisoners. United States v. Andrews, 12 F.4th 255, 260 (3d Cir. 2021), cert. denied, No. 21-1208, 2022 WL 994375 (U.S. Apr. 4, 2022) ("The court correctly recognized that although the policy statement is no longer binding, it still sheds light on the meaning of extraordinary and compelling reasons.").

Defendant suffers from a medical condition that falls into the same categories as "metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia[,]" examples offered by the Sentencing Commission of the types of illnesses that might constitute "extraordinary and compelling circumstances." Id.  Defendant has not proffered a single condition that he contends would justify his release.

The Court also cannot say that Defendant suffers from conditions that substantially "diminish[] the ability of [Defendant] to provide self-care within the environment of a correctional facility and from which he...is not expected to recover." Id.  Again, without any indication by Defendant of a medical condition that he has, let alone one that he cannot manage in jail, the Court finds granting compassionate release on this basis would not be appropriate.  Indeed, Defendant has now been fully vaccinated against COVID-19 with a vaccine that has been shown to be effective.  (ECF 38 at 10).

With respect to Defendant's age at the time that he committed his offense, this Court already took Defendant's age into account at the time of Defendant's sentence and thus it does not present a reason now for compassionate release. United States v. Augustin, No. 20-3609, 2021 WL 6059564, at *1 (3d Cir. Dec. 20, 2021) (affirming the district court's decision that defendant's youth at the time of the offense was not an

6

"extraordinary and compelling reason" where the district court considered it at defendant's original sentencing).

Additionally, rehabilitation alone is not a ground for compassionate release. United States v. McNair, 481 F. Supp. 3d 362, 370 (D.N.J. 2020) ("'Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.'") (quoting 28 U.S.C. § 994(t)). This argument has been consistently rejected by courts as a standalone justification for release. United States v. Gordon, No. 22-1311, 2022 WL 2582547, at *1 (3d Cir. July 8, 2022) (citing 28 U.S.C. § 994(t) for the proposition that rehabilitation alone does not constitute an "extraordinary and compelling reason"); United States v. Augustin, No. 20-3609, 2021 WL 6059564, at *1 (3d Cir. Dec. 20, 2021) ("We see no abuse of discretion in the District Court's conclusion that Augustin's efforts at rehabilitation alone were not an extraordinary and compelling reason for release.").

Further, FCI Petersburg Medium, where Defendant is housed, has mitigation efforts at controlling the spread of the coronavirus that appear to be effective. Currently, FCI Petersburg Medium has 3 active inmate cases and 4 active staff cases.[4] Over the course of the pandemic, 2 inmates have died as

---

[4] See FEDERAL BUREAU OF PRISONS, COVID-19 CORONAVIRUS COVID-19, https://www.bop.gov/coronavirus/ (last visited August 6, 2022).

7

a result of infection by COVID-19, and 260 inmates have recovered from positive infections.[5]  Id.

According to the BOP, 2,549 inmates housed at FCI Petersburg have been fully vaccinated.[6]  Given the well-established and accepted evidence that the available vaccines are both safe and effective, the Court believes that the vaccination rate inside the FCI Petersburg facility weighs against Defendant's request for relief.[7]

After a review of the record as a whole, the Court finds that Defendant, who has not shown that he is unable to manage any health conditions at FCI Petersburg Medium, does not present "extraordinary and compelling reasons" supporting his release on the basis of his health.  He simply has not shown how he is at an increased risk of adverse health outcomes in the prison environment in light of COVID-19.[8]

---

[5] Id.

[6] Id.

[7] Federal Bureau of Prisons, Our Locations, https://www.bop.gov/locations/list.jsp (last visited August 6, 2022).  FCI Petersburg is comprised of FCI Petersburg Low and FCI Petersburg Medium.  The current population of FCC Petersburg as a whole is 2,466, which is lower than the figure of 2,549 inoculations that have been completed at the facilities.  It is not clear whether or not this discrepancy is due to inmate transfers or releases.

[8] Defendant references various health conditions of his parents without explaining their nexus to his motion.  (ECF 35 at 6).  To the extent that he is arguing that his parents' health

### 3. **The 3553(a) Factors Weigh Against Defendant's Favor**

Even if Defendant could "establish extraordinary and compelling reasons" for his release, the Court may reduce an inmate's sentence only if the applicable sentencing factors under § 3553(a) warrant a reduction.  Here, they do not.

Again, Defendant principally argues that is his youthful age at the time of his offense and his rehabilitation while in prison support his motion.  (ECF 35 at 3-6).  He also states that upon his release he intends to make a "positive contribution" to his family and the community.  (Id. at 6).  He does not otherwise address how the calculus of the § 3553(a) factors has changed since his original sentencing.  This argument does not tilt a full balancing of the § 3553(a) factors in his favor.

The Government argues the § 3553(a) factors weigh toward denying Defendant's motion.  They note that he has a criminal record involving drug distribution and use of a firearm dating back to his teen years. (ECF 31 at 11).  They further argue that the seriousness of Defendant's offense, in that he pointed a rifle down a public street when it was illegal for him to possess a firearm as a convicted felon.  (Id. at 1, 11).  They

---

conditions constitute additional grounds for his release, Defendant has not argued that his parents need him to be their caregiver or that there is no one else who can care for them. U.S.S.G. § 1B1.13, cmt. n.1(C).

9

highlight that Courts have routinely denied to shorten sentences of similarly situated defendants. (Id. at 11).

The Court agrees with the Government and sees no reason to disturb the sentence that it previously imposed. First, while the Court certainly lauds Defendant's rehabilitative efforts and commends his hopeful outlook toward the future, it notes that Defendant committed the underlying offense after already having been convicted of a drug offense and while having two felony matters pending in New Jersey state court. 18 U.S.C. § 3553(a)(1). Defendant's active brandishing of a rifle in public, the underlying fact that led to his arrest and conviction here, is a very serious offense and a reduction in his sentence would not promote respect for the law or provide just punishment. Id. § 3553(a)(2)(A).

Given the gravity of Defendant's offense, his history of felony convictions, and the potential for similar offenses to cause great damage to the community, specific and general deterrence are key. Id. at § 3553(a)(2)(B). It also appears, based on the courses he has taken thus far, that Defendant has access to educational and personal development programs while in BOP custody, which continues to allow him to pursue rehabilitation while incarcerated. Id. at § 3553(a)(2)(D).

This Court also separately notes that reducing Defendant's sentence such that he would be released almost three years prior

10

to his expected release date would result in an unwarranted sentencing disparity when compared to similarly situated defendants. Id. at § 3553(a)(6).

In sum, Defendant's age, rehabilitation and the advent of COVID-19 do not change the balance in Defendant's specific situation where he has not shown any "extraordinary and compelling reasons" justifying his release or that there has been a material difference in the § 3553(a) factors that animated the original sentence.

**Conclusion**

For the reasons set forth above, Defendant's Renewed Motion for Compassionate Release (ECF 35) will be denied.[9]

An accompanying Order will issue.

Dated: August 6, 2022             s/   Noel L. Hillman
At Camden, New Jersey             NOEL L. HILLMAN, U.S.D.J.

---

[9] Implicit in this denial is a denial of Defendant's request for counsel to be appointed. Defendant is not entitled to counsel on a compassionate release motion, and it would be a waste to appoint counsel where the motion is futile. United States v. Bess, No. CR 16-522 (SDW), 2021 WL 5277201, at *3 n.6 (D.N.J. Nov. 12, 2021) ("Defendants do not have a constitutional right to appointment of counsel when seeking compassionate relief. Although a district court has the discretion to appoint counsel, where an underlying motion for compassionate release will fail, appointing counsel would be futile.") (internal citations and quotation marks omitted).